UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERMO-PLY, INC.,

        Plaintiff,

v.                                              CASE NO. 8:05-CV-779-T-17MAP

THE OHIO WILLOW WOOD
COMPANY, et al.,

        Defendants.

_____/


ORDER

This cause is before the Court on:

Dkt. 82 Report and Recommendation
Dkt. 83 Objections
Dkt. 91 Response
Dkt. 94 Reply

The assigned Magistrate Judge conducted a Markman hearing and has issued a Report and Recommendation on claim construction. Defendants object to the Report and Recommendation and request a _de novo_ review.

In the Report and Recommendation, the assigned Magistrate Judge recommends that the disputed terms in claims 1 and 17 be construed according to the proposed construction of Plaintiff Thermo-Ply, Inc. The Report and Recommendation includes sections directed to background information, claim construction standards, identification of terms to which the parties have stipulated as to construction, identification of disputed terms, and reasons for the specific recommendations as to the disputed terms.

The Court has independently reviewed the pleadings, including the Transcript of the Markman hearing, the objections, response and reply.

I. Dkt. 83 - Objections
A. Background Issues
1. Wires Slipping; Radial Expansion
2. Commercial Embodiment as Limiting to Disclosure of '474 Patent

The Court has reviewed the '474 Patent. (Dkt. 83-3). The invention covered by the '474 patent is described with regard to some particular, non-limiting embodiments with reference to the drawings included. The Court notes that the invention is "not limited to the particularly illustrated and above described embodiments, but many modifications and variations are obvious to the person skilled in the art and are within the scope of the following claims." (Dkt. 83-3, p. 7).

The statements to which Defendant objects are included in the "Background" section of the Report and Recommendation, which provides context and informs the Court of how the assigned Magistrate Judge reached the proposed recommendations. The "Background" section is intended to be preliminary and descriptive. After consideration, the Court **overrules** Defendant's objections as to background issues.

B. Objection to Proposed Definition for "Prosthetic Liner"

Defendant objects to the proposed definition for "prosthetic liner" as "a soft interface between the structural prosthetic socket and the amputee's residual limb." Defendant proposes that the proper definition is "a non-fabric coated device formed of a

cushioning material that is worn on a residual limb to cushion the contact area between the residual limb and a prosthetic socket." Defendant argues that the '617 patent discloses that a prosthetic liner is formed solely from silicone, urethane, a thermoformable gel, or other suitable cushioning material which may be of the thermoplastic or thermosetting type, and is not fabric-coated.

Plaintiff argues that a person of ordinary skill in the art in 1999 would understand that a "cushion" prosthetic liner may or may not have a fabric cover on the outside of the liner. Plaintiff further argues that a construction of the '617 Patent that includes liners with a fabric cover conforms with the language of the Patent itself. Plaintiff argues that the term "prosthetic liner" is used to describe the invention disclosed in the '237 Patent, which expressly claims a fabric-coated gel liner as its invention. Plaintiff further argues that the '617 Patent's specification describes how to make an embodiment of the Patent which includes an instruction on how to make a fabric-coated gel liner. Plaintiff further argues that the prosecution history of the '617 Patent does not bar the recommended definition of "prosthetic liner", as the Lohmann Patent claims a sock, not a prosthetic liner.

After consideration of the meaning a person of ordinary skill in the art at the time of the invention would assign to the term "prosthetic liner," the words of the claims, the remainder of the specification, the prosecution history, and extrinsic evidence, the Court **overrules** Defendant's objection to the recommended definition of "prosthetic liner."

C. Objection to Proposed Definition for "A Predetermined Material That is Substantially Non-Stretchable in the Axial Direction"

Defendant objects to the recommended definition for the phrase "a predetermined material that is substantially non-stretchable in an axial direction" of "a material (or composite of materials bonded together) chosen in advance that exhibits very little longitudinal stretch when attached to the claimed prosthetic liner and used for its intended purpose." Defendant asks the Court to adopt its interpretation "a preselected material that is incapable of elongation."

1. Construction of "Substantially"

Defendant objects to the recommendation that "substantially non-stretchable" should be construed as "stretches very little," and argues that "substantially non-stretchable" should be construed as "incapable of elongation."

The Magistrate Judge discusses "substantially" as a word of approximation, which is a "descriptive term commonly used in patent claims to avoid a strict numerical boundary to the specified parameter" and which also serves to reasonably describe the subject matter so that its scope would be understood by persons in the field of the invention, and to distinguish the claimed subject matter from the prior art. Playtex Products, Inc. v. Proctor & Gamble Co., 400 F.3d 901, 907 (Fed. Cir. 2005); Verve, LLC v. Crane Cams, Inc., 311 F.3d 1116, 1120 (Fed. Cir. 2002).

In construing disputed claim terms, the words in a patent claim "are generally given their ordinary and customary meaning." Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005).

Where the "ordinary meaning" is not readily apparent, the Court may consult the same resources that a person of ordinary skill in the art would: "the words of the claims themselves, the remainder of the specification, the prosecution history and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." <u>Timecertain, LLC v. Authentidate Holding Corp.</u>, 2006 WL 3804830, *2 (M.D. Fla. Dec. 22, 2006).

The Magistrate Judge did not err in according "substantially" its ordinary meaning.  Further, a person of ordinary skill in the art would understand the term "substantially non-stretchable" to include material having some stretch.  After consideration, the Court **overrules** Defendant's objection as to this issue.  Accordingly, it is

**ORDERED** that Defendant's objections are **overruled**.  The Report and Recommendation is **adopted** and incorporated herein by reference.  The recommended definitions, set forth above, are **adopted**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 29 day of September, 2008.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

5