UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THERMO-PLY, INC.**

      **Plaintiff,**

v.     CASE NO.   8:05-CV-779-T-17MAP

**OHIO WILLOW WOOD
COMPANY, et al.,**

      **Defendants.**

_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

This cause is before the Court for consideration of completion of discovery and the scheduling of pretrial procedures and trial.  The Court has considered the positions of the parties as set forth in their Case Management Report, and hereby enters the following scheduling and case management requirements whose provisions are very precise and *shall be strictly adhered to.*  Accordingly, it is **ORDERED:**

1. Parties are **directed** to meet the agreed upon terms and time limits set forth in their Case Management Report, as noted below (including any *exceptions* deemed appropriate by the Court):

| | | |
|---|---|---|
| **Third Party Joinder/Amend Pleading** | N/A | |
| **Discovery Cut-Off** | N/A | |
| **Dispositive Motion filing** | N/A | |
| **Pretrial Statement due** | Seven (7) days prior to pretrial conference | |
| **Plaintiff Expert Disclosure** | N/A | |
| **Defendant Expert Disclosure** | N/A | |
| **Estimated length of trial** | 48 hours | non-jury___ jury_x___ |

2. Parties are further **directed** to meet the pretrial disclosure requirements and deadlines in Fed.R.Civ.P. 26(a)(3) and to adhere timely to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures as supplemented herein at Par. 6. **Parties are advised to review the amendments to the Rules of Civil Procedure regarding discovery, which became effective December 1, 2000.  *See* Fed.R.Civ.P.**

Case No.  8:05-CV-779-T-17MAP

**(Supp. 2000).**

3.  Parties shall take heed that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial after issuance of this Case Management and Scheduling Order *are disfavored*.  See Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D).

4.  A *Pretrial Conference* will be held before **the Honorable MARK A. PIZZO, United States Magistrate Judge, in Courtroom 11B, 801 North Florida Avenue, Tampa, Florida, on   May 20, 2014  at 9:30 A.M.**

> THE COURT WILL NOT ADDRESS DISCOVERY DISPUTES OF ANY KIND AT TRIAL.  ANY DISCOVERY DISPUTE FOR WHICH THE PARTIES SEEK JUDICIAL RESOLUTION MUST BE ADDRESSED AT OR BEFORE THE PRETRIAL CONFERENCE.  THE PARTIES MAY AGREE ON ANY MATTER REGARDING DISCOVERY, BUT EACH PARTY ASSUMES THE RISK OF NON-COMPLIANCE BY THE OTHER UNLESS THE ISSUE HAS BEEN ADDRESSED BY THE COURT AT THE PRETRIAL CONFERENCE.

5.  This case is set for *Jury Trial* during the term commencing June 2, 2014 before the Honorable Elizabeth A. Kovachevich, United States District Judge.  This term shall include the entire month and shall be verified on a separate trial calendar.

(a)  Any motions in limine shall be filed with the Clerk of Court at least three (3) weeks prior to the commencement of trial.

6.  **SUMMARY JUDGMENT PROCEDURES:** The following procedures shall be followed by the parties:

> (a) A party's claims or defenses for which summary judgment is sought **shall** be presented in a **single** motion and incorporated memorandum of law which, absent prior permission of the Court, shall not exceed twenty-five (25) pages total.  Multiple motions for summary judgment shall not be permitted.  A violation of any of these directive will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice.

Case No. 8:05-CV-779-T-17MAP

(b) Prior to filing a motion for summary judgment, the moving party **shall** confer in good faith with the party or parties against whom summary judgment is sought for the purpose of narrowing the factual issues in dispute. A party by separate pleading filed contemporaneously with the motion for summary judgment shall certify that such a conference has taken place and that the parties were or were not able to agree on a narrowing of the factual issues in dispute. Unless the parties are in full agreement as to the undisputed facts, the movant **shall** file a **separate** "Statement of Undisputed Facts" (not exceeding 20 pages in length), with citations to the record, which shall accompany the motion for summary judgment.

(c) Any party opposing a summary judgment motion **shall** file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(b). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, a **separate** "Statement of Disputed Facts" (not exceeding 20 pages in length) with citations to the record, shall accompany the memorandum in opposition. All material facts set forth by the moving party shall be deemed admitted unless controverted by a Separate Statement of Disputed Facts.

(d) Pursuant to Rule 56(c), Fed.R.Civ.P., as interpreted by the Eleventh Circuit Court of Appeals, **the parties are hereby put on notice that the Court will take any motion for summary judgment and any materials in support or in opposition thereto under advisement as of the last day of filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court. Failure to respond to a motion for summary judgment shall indicate that there is no opposition to the motion and may result in the entry of final judgment without a trial or other proceeding.**

(e) Motions to extend time or to alter any requirements set forth in this order or the other rules governing summary judgment motions, including the page limit for memoranda of law pursuant to the Local Rules are distinctly disfavored.

(f) Oral argument or hearings will generally **NOT** be held on the motion.

(g) A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice.

Case No.  8:05-CV-779-T-17MAP

7. Not later than **seven (7) days prior to the date on which the pretrial conference is set,** the parties **shall file** with the Clerk of Court, the following (and as to each of the following, provide directly to Chambers, by mail or hand-delivery a "Judge's Courtesy Copy," so marked):

> (a)  Each side shall file a **Trial Brief**, with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial; **and either (b) or (c) below as appropriate.**
>
> (b) **If case is a jury trial**, the following:
>
> (1) A concise (one paragraph preferably) *joint or stipulated* statement of the nature of the action to be used in providing a basis explanation of the case to the jury venire;
>
> (2) The Court requires the following as to jury instructions in this case: The parties must confer on the jury instructions and submit to the Court up to three packets: 1) all instructions that are undisputed; 2) instructions proposed by the plaintiff but not acceptable to the defense; and 3) instructions proposed by the defense but not acceptable to the plaintiff.  A complete set of all written **Proposed Jury Instructions** (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than one instruction per page.
>
> (3) *Proposed Voir Dire:* The Court will conduct voir dire and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration; and
>
> (4) *Proposed Verdict Form* **(again the parties should confer on the verdict form and inform the Court if there agreement as to the verdict form).**
>
> (c) **If the case is a non-jury trial, Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of all relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel).

Case No.  8:05-CV-779-T-17MAP

8. The **Pretrial Conference** *shall be attended by counsel who will act as lead trial counsel in the case* and who is vested with full authority to make and solicit such disclosure and agreements touching all matters pertaining to the trial.  Each party shall also have present a person with full settlement authority.

9. **MEDIATION:** The parties shall participate in court-annexed mediation on or before **N/A**.  The parties shall file a stipulation selecting a mediator within sixty (60) days of the date of this order.  There will not be an order to mediate issued from the Court unless specifically requested by the parties.  The list of certified mediators is available in the Clerk's Office or on the internet at **www.flmd.uscourts.gov under "Attorney Resources."  Additionally, at least 45 days prior to the mediation deadline, Plaintiff shall file a notice that informs the Court of the date on which the parties' mediation is scheduled.**

10. **CONSENT TO TRIAL BY MAGISTRATE JUDGE:** In accordance with 28 U.S.C. Sec. 636(c) and Fed.R.Civ.P. 73, the parties may consent to have the assigned United States Magistrate Judge conduct any and all further proceedings in this case, including the trial.

11. **SETTLEMENTS.**  Counsel shall immediately notify Chambers or the Courtroom Deputy Clerk if their case has settled.  (See Local Rule 3.08).  Notices of settlement must be in writing.

Case No. 8:05-CV-779-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 2nd day of January, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:

All parties and counsel of record