**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THERMO-PLY, INC.,**
a Florida Corporation,

       Plaintiff,

                                                       **CASE NO.: 8:05-cv-00779-EAK-MAP**

v.

**THE OHIO WILLOW WOOD COMPANY,**
an Ohio corporation, **SILIPOS, INC.,** a
Delaware corporation; **SOUTHERN**
**PROSTHETIC SUPPLY, INC.,** a Georgia
Corporation; **HANGER PROSTHETICS &**
**ORTHOTICS, INC.,** a Delaware corporation;
and **SEATTLE SYSTEMS, INC.,** a
California corporation,

       **Defendants.**
_____/

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to this Court's Case Management and Scheduling Order (Dkt. No. 157), Plaintiff, Thermo-Ply, Inc., hereby submits its Statement of Undisputed Facts with citations to the record in support of its Motion for Partial Summary Judgment, filed contemporaneously with this Statement[1]:

---

[1] As discussed more fully in Plaintiff's Certificate of Good Faith Conference Regarding Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law, Thermo-Ply's counsel spoke with OWW's counsel, Michael Stonebrook, regarding the Statement of Undisputed Facts, and emailed the Statement to Mr. Stonebrook as well as OWW's other counsel, F. Michael Speed, Jr. before filing the Motion for Partial Summary Judgment. OWW's counsel objected to Thermo-Ply's characterization of DAW as Thermo-Ply's customer in paragraph 2; and also objected to paragraphs 7 and 15 on the grounds the BPAI decision and CAFC decision speak for themselves and the totality of the circumstances set forth therein provides the context for their interpretation.

1.      On April 21, 2005, Thermo-Ply filed this action for infringement of its U.S. Patent No. 6,231,617 and for a declaratory judgment seeking a declaration that OWW's U.S. Patent No. 5,830,237 (the "'237 Patent") was invalid or not infringed by Thermo-Ply. (Dkt. No. 1)

2.      On June 24, 2005, the Court stayed Count IV of the Complaint in deference to an action filed by OWW against Thermo-Ply's customer, DAW Industries, Inc., in the U.S. District Court for the Southern District of Ohio (the "*OWW v. DAW* Case"). (Dkt. No. 28).

3.      In the *OWW v. DAW* Case, OWW alleged that prosthetic liners which Thermo-Ply manufactured for, and sold to, DAW infringed the '237 Patent. (Dkt. No. 1, at para. 64).

4.      On March 13, 2009, this case was administratively closed by endorsed order (the "March 2009 Order"), on the parties' stipulation while the U.S. Patent & Trademark Office (the "PTO") reexamined OWW's '237 Patent. (Dkt. No. 131).

5.      The PTO conducted two reexaminations on the '237 Patent, and at the conclusion of the second reexam, issued a final office action rejecting all of the '237 Patent claims. (Dkt. No. 153-1, at p. 6).

6.      OWW appealed the examiner's final rejection to the PTO's Board of Patent Appeals and Interferences (the "BPAI"). (Dkt. No. 153-1, at p. 7).

7.      The BPAI concluded the PTO examiner erred in crediting the supposedly uncorroborated testimony of a witness, Jean-Paul Comtessee (who the BPAI determined was an interested third party) and that such uncorroborated testimony was insufficient to

sustain the PTO examiner's rejection of the '237 Patent claims. (Dkt. No. 153-1, at pp. 8-9).

8. The PTO concluded reexamination of the '237 Patent and, on December 8, 2011, OWW filed the '237 Patent reexamination certificate in this action. (Dkt. No. 145).

9. In 2012, the U.S. District Court for the Southern District of Ohio entered a final judgment regarding the '237 Patent Claims in a patent infringement lawsuit filed by OWW against another prosthetic liner manufacturer, Alps South Corporation, LLC ("Alps") in the action styled, *The Ohio Willow Wood Co. v. Alps South LLC*, Case no. 2:04-cv-01223 (the "*OWW v. Alps South* Case"). (Dkt. No. 146).

10. In the *OWW v. Alps South* Case, all of the claims of the '237 Patent that OWW asserted were infringed by Thermo-Ply's liners in the *OWW v. DAW* Case were judicially invalidated. (Dkt. No. 146; *See* DAW Industries, Inc.'s Motion for Summary Judgment of Noninfringement of Reexamined U.S. Patent No. 5,830,237, Dkt. No. 80 and Notice Regarding Asserted Claims filed by OWW, Dkt. No. 86, filed in the action styled *The Ohio Willow Wood Co. v. DAW Indus., Inc.*, Case No. 2:04-cv-01222 and 2:05-cv-01038, pending before the U.S. District Court for the Southern District of Ohio).

11. In the *OWW v. Alps South* Case, the court first granted summary judgment to Alps on claims 1, 2, 4, 15, 16, and 20 of the '237 Patent based on collateral estoppel. The court's collateral estoppel was based on a summary final judgment of patent invalidity of one of OWW's patents (related to its '237 Patent) entered by the U.S. District Court for the Eastern District of Texas, and unanimously affirmed by the U.S. Court of Appeals for the Federal Circuit. (Dkt. No. 146-1).

12. In the Eastern District of Texas lawsuit, the court determined, and the Federal Circuit agreed, that material claims of OWW's U.S. Patent No. 7,291,182, which issued from a continuation application of the '237 Patent, were invalid for obviousness. (Dkt. No. 146).

13. On August 10, 2012, the Southern District of Ohio again granted summary judgment in favor of Alps in the Alps Case, finding that Claims 18, 19, 21, 22, and 23 of the '237 Patent were invalid for obviousness. (Dkt. No. 146-2).

14. On November 15, 2013, the Federal Circuit affirmed the Southern District Court of Ohio's grant of summary judgment that claims 1, 2, 4, 15, 16, and 20 of the '237 Patent were invalid on the basis of collateral estoppel and that claims 18, 19, 21, 22, and 23 of the '237 Patent were invalid for obviousness. (Dkt. No. 153-1, at p. 2).

15. In that same decision, the Federal Circuit also found that a genuine issue of material fact existed regarding Alps' claim of inequitable conduct by OWW's counsel during the '237 Patent reexams, and reversed the summary judgment entered in favor of OWW on the inequitable conduct claim. (Dkt. No. 153-1, at p. 17). The Federal Circuit's conclusion that inequitable conduct could be inferred from the conduct of OWW's counsel during the '237 Patent reexams was based upon a determination that "OWW withheld *various* pieces of material information and had *no* reasonable explanation for the *several misrepresentations* it made to the PTO." (Dkt. No. 153-1, at p. 30)(emphasis added).

16. On December 13, 2013, in *The Ohio Willow Wood Company v. ALPS South,* LLC, Case Nos. 2012-1642 and 2013-1024, United States Court of Appeals for the

Federal Circuit, OWW filed a Combined Petition for Panel Rehearing and Rehearing En Banc of Plaintiff-Appellant The Ohio Willow Wood Company. (Dkt. No. 158).

17. John N. Fay, the President of Thermo-Ply, reviewed a copy of the settlement agreement between OWW and DAW which OWW's counsel disclosed to Thermo-Ply's counsel in connection with this case and which OWW"s counsel represented memorialized a settlement of the *OWW v. DAW* Case. (Ex. B to Plaintiff's Motion for Summary Judgment, Declaration of John N. Fay, Dkt. No. 159-2, at para. no. 2).

20. Thermo-Ply still makes, offers to sell, and sells prosthetic liners that OWW contended infringed the '237 Patent in the DAW Action. (Ex. B to Plaintiff's Motion for Summary Judgment, Declaration of John N. Fay, Dkt. No. 159-2, at para. no. 3).

21. OWW's settlement with DAW did not extend to any of Thermo-Ply's prosthetic liners made for, offered to be sold to, or sold to customers other than DAW. (Ex. B to Plaintiff's Motion for Summary Judgment, Declaration of John N. Fay, Dkt. No. 159-2, at para. no. 4).

22. OWW has never conceded to this Court or to Thermo-Ply that OWW would not sue Thermo-Ply for infringement of the '237 Patent. (Dkt. Nos. 1-157; and Ex. B to Plaintiff's Motion for Summary Judgment, Declaration of John N. Fay, Dkt. No. 159-2, at para. no. 5).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was electronically filed with the Court on this 6th day of January, 2014.  Notice of this filing will be automatically sent by the Court's CM/ECF system to:  **Michael Gay, Esq.**, mgay@foley.com, Foley & Lardner, LLP, 111 N. Orange Avenue, Suite 1800, P.O. Box 2193, Orlando, Florida 3282-2193; **Benjamin H. Hill, III, Esq.**, bhill@hwlaw.com, **William C. Guerrant, Jr., Esq.**, wguerrant@hwlaw.com, **Patrick J. Risch, Esq.** prisch@hwhlaw.com, Hill Ward Henderson, 101 E. Kennedy Blvd, Suite 3700, P.O. Box 2231, Tampa, Florida 33601-2231; and **Jeffrey S. Standley, Esq.,** jstandley@standleyllp.com, **James L. Kwak, Esq.,** jkwak@standleyllp.com, **F. Michael Speed, Esq.**, mspeed@standleyllp.com, **Michael R. Stonebrook, Esq.,** mstonebrook@standleyllp.com, Standley Law Group LLP, 6300 Riverside Drive, Dublin, Ohio 43017.

 s/ Richard E. Fee
Richard E. Fee, Esq.
Florida Bar No. 813680
Kathleen M. Wade, Esq.
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 North Franklin Street
Tampa, Florida  33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com

Trial Counsel for Plaintiff,
Thermo-Ply, Inc.