UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERMO-PLY, INC.,
etc.,

      Plaintiff,

v.                                      CASE NO. 8:05-CV-779-T-17MAP

THE OHIO WILLOW WOOD
COMPANY, etc., et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 159 Motion for Partial Summary Judgment
Dkt. 160 Statement of Undisputed Facts
Dkt. 161 Notice
Dkt. 168 Notice

In Count IV of the Complaint, Plaintiff Thermo-Ply, Inc. seeks a declaratory judgment against Defendant Ohio Willow Wood Company declaring that Defendant's '237 Patent is invalid and should be cancelled. Plaintiff Thermo-Ply, Inc. now moves for partial summary judgment on Count IV, in light of the prior determination of patent invalidity by the U.S. District Court for the Southern District of Ohio, and the Federal Circuit Court of Appeals. Plaintiff Thermo-Ply, Inc. seeks a declaration that claims 1,2,4,15,16, 18, 19, 20, 21, 22 and 23 of U.S. Patent No. 5,830,237 ("'237 Patent Claims") are invalid under the doctrine of collateral estoppel.

I. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and

Case No. 8:05-CV-779-T-17MAP

disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted." Id. at 249-50.

II. Discussion

The Court notes that Defendant Ohio Willow Wood Company ("OWW") has not filed a response in opposition to Plaintiff Thermo-Ply, Inc.'s Motion for Partial Summary Judgment, and has not requested an extension of time to do so. The Court has attached a copy of Plaintiff's Statement of Undisputed Facts to this Order, and incorporates it by reference.

Plaintiff Thermo-Ply, Inc. contends that there is an existing controversy between Plaintiff and OWW as to OWW's '237 Patent and Thermo-Ply, Inc.'s liners. Although

2

Case No. 8:05-CV-779-T-17MAP

OWW settled its claim of infringement of the '237 Patent with DAW Industries, Inc. ("DAW") based on DAW's sales of prosthetic liners manufactured by Plaintiff Thermo-Ply, Inc., the settlement did not extend to any of Plaintiff's prosthetic liners made for, offered to be sold to, or sold to customers other than DAW. Plaintiff Thermo-Ply, Inc. still makes, offers to sell and sells the prosthetic liners that OWW contended infringed the '237 Patent, and OWW has not conceded to Plaintiff or the Court that OWW would not sue Plaintiff Thermo-Ply for infringement of the '237 Patent.

In Case No. 2:04-CV-1223, The Ohio Willow Wood Co. v. Alps South LLC, in the Southern District of Ohio, the Court granted summary judgment to Defendant Alps South LLC on claims 1, 2, 4, 15, 16 and 20 of the '237 Patent based on collateral estoppel. The Court's collateral estoppel was based on a summary final judgment of patent invalidity of one of OWW's patents, related to the '237 patent, entered by the U.S. District Court for the Eastern District of Texas, and affirmed by the U.S. Court of Appeals for the Federal Circuit. In the Eastern District of Texas lawsuit, the Court determined that material claims of OWW's U.S. Patent No. 7,291,182, which issued from a continuation application of the '237 Patent, were invalid for obviousness.

In Case No. 2:04-CV-11223, The Ohio Willow Wood Co. v. Alps South LLC, the Court also granted summary judgment in favor of Defendant Alps South LLC, finding that Claims 18, 19, 21, 22 and 23 of the '237 Patent were invalid for obviousness. The U.S. Court of Appeals for the Federal Circuit affirmed both orders of the U.S. District Court for the Southern District of Ohio granting summary judgment to Alps South LLC. That Order stands as final. OWW's Petition for Panel Rehearing and Rehearing En Banc has been denied, with a mandate to issue on January 30, 2014.

A judgment of invalidity in one patent action renders the patent invalid in any later actions based on the same patent. Mycogen Plant Science, Inc. v. Monsanto Co., 252 F.3d 1306, 1310 (Fed. Cir. 2001)(citing Blonder Tongue Labs, Inc. v. Univ. of Ill.

Case No. 8:05-CV-779-T-17MAP

Found., 402 U.S. 313, 349-50 (1971)).

To claim the benefit of collateral estoppel, the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998)

The invalidity of the '237 Patent Claims is identical to the issue asserted in Case No. 2:04-CV-1223, The Ohio Willow Wood Co. v. Alps South LLC, the issue was actually litigated in that case, and was a critical and necessary part of the Court's judgment in that case. The Federal Circuit affirmed the opinion of the U.S. District Court for the Southern District of Ohio. The decisions of the Southern District of Ohio and the Federal Circuit show that OWW had a full and fair opportunity to present its evidence, as the decisions detail OWW's argument opposing summary judgment based on collateral estoppel and obviousness.

After consideration, based on collateral estoppel, the Court concludes that claims 1, 2, 4, 15, 16, 18, 19, 20, 21, 22 and 23 of U.S. Patent No. 5,830,237 are invalid. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment as to Count IV is **granted**, and claims 1, 2, 4, 15, 16, 18, 19, 20, 21, 22 and 23 of U.S. Patent No. 5,830,237 are declared invalid.

Case No. 8:05-CV-779-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 24th day of January, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record